SHAHOOD, J.
Former wife (mother), Susanne Rescig-no, appeals from an Order on former husband’s (father), Stephen Annino, pro se motion for contempt requiring the parties’ severely allergic and asthmatic children to undergo a six-month regimen of allergy shots for allergies to cats in order to resume visitation at their father’s residence where eight cats and one dog reside. We *742 hold that the trial court abused its discretion and disregarded the best interests and welfare of the children.
The parties had three children born from the marriage, ages six, four, and twenty-three months at the time of the dissolution in December 2001. The parties’ settlement agreement, incorporated into the final judgment, provided that former wife was the primary residential custodian and that the parties had shared parental responsibility. The agreement provided that overnight visitation would start for the two oldest children, both boys, in six months and in two years for the youngest child, a girl. At the time the mother entered into the agreement, she was unaware that the father, newly remarried, was living at a residence with eight cats to which her sons are severely allergic. The two older boys were diagnosed with severe allergies to cats before the parties separated and both boys suffer from asthma, which has, in the past, required hospitalizations for both boys. The older boy had been diagnosed at age one and had been hospitalized seven times; the younger boy had been hospitalized twice with asthma attacks.
With knowledge of his sons’ medical conditions and without informing the mother about the cats, the father took the boys to his residence causing them to suffer allergic reactions. Because the father would not refrain from exposing the boys to the cats, the mother refused overnight visitation. As a result, the father filed a motion for contempt.
It is undisputed that the mother has not withheld visitation from the father, but merely insisted that he not take the children to his home.
At the time of the hearing on the motion, the two children were not taking allergy shots. The mother testified that shots would require the children to go once a week for the first two years and then for several years thereafter with no guarantee that their asthma would be controlled.
The children’s pediatrician testified through deposition that both boys have allergic rhinitis and asthma and were evaluated by a pediatric allergist who determined that they had severe allergies to cats. The pediatrician recommended that the children not be exposed to the cats. He further opined that prophylactic measures taken by the father, i.e., washing the floors, putting air Alters in the house, would not be sufficient to overcome the problem, and that a stringent cleaning would be necessary for all rugs and walls. He thought, however, that such a stringent cleaning regimen would be impractical where the children would be visiting every other weekend. The pediatrician stated that it was preferable to avoid the situation entirely, rather than give allergy injections, especially when shots did not always work and sometimes made the situation worse.
A pediatric allergist testified through deposition that both boys have an acute sensitivity to cats, asthma, hyperactive airways which causes difficulty breathing and allergic rhinitis. Because their severe allergies have required hospitalizations for both boys, he recommended that they avoid exposure to cats. He stated that removing the cats from the house during visitation would not be sufficient because it is the cat dander which is the real allergen. Immunotherapy is a recommended alternative where the pets cannot be kept out of the house. The allergist stated that shots required at least two to three years of treatment, and perhaps even three to five years, in order for the children to build up a tolerance to the dander. During that time, the children should avoid the cats and have symptomatic medication on hand in the event they are exposed. The *743 allergist stated that with children with asthma, a three to five year regimen of shots was recommended because the asthma is a progressive inflammatory disease.
Notwithstanding this testimony, the trial court entered an order on the motion for contempt holding that the father was responsible for taking the children for allergy shots and for payment of the same. During the six months that the children were undergoing allergy shots, there would be no visitation at the father’s residence; however, the father would continue to have visitation away from his residence. At the end of six months of shots, overnight visitations would commence.
The mother moved for rehearing claiming that the allergist testified that a minimum regimen of allergy treatments was two years, not six months, and that during that time, the children were to avoid exposure to the cats. Further, she claimed that both the pediatrician and the pediatric allergist testified that the preferred treatment was for the children not to be exposed to the cats at all. The court' denied the motion.
The trial court abused its discretion in ordering the children to commence a weekly regimen of allergy shots for severe allergies to cats for six months and to thereafter resume overnight visitation in a house in which eight cats reside. Although the trial court was trying to fashion an outcome which satisfied all parties, this result, although favorable to the father, was not in the best interests of the children. The undisputed evidence demonstrated that the boys were severely allergic to cats and had asthma which had required several hospitalizations in the past. To continue to expose the children to cat dander with no guarantee that the problem would be resolved is contrary to the best interests and welfare of the children. A result more appropriate to protect the welfare of the children would be the permanent removal of the cats from the home. This option would enable overnight visitations to commence immediately provided the stringent cleaning recommended by the experts takes place first.
The option is, therefore, up to the father. If he wants overnight visitation with his children at his residence, he must permanently remove the cats from the home and stringently clean the house of any remaining dander.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WARNER and POLEN, JJ., concur.